NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE GARCIA-VALLEJO, AKA Jorge Castillo, AKA Jorge Castillo-Juarez, AKA Roberto Lara, AKA Rodrigo Lara, AKA Roberto Lara-Gonzalez, AKA Carlos Padilla Nunez, AKA Carlos Padilla-Nunez, AKA Jose Garcia Vallejo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK GARLAND, Attorney General, <br><br> Respondent. | No. 18-73006 <br><br> Agency No. A078-535-855 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021**
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Jose Garcia-Vallejo (Garcia), a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from an Immigration Judge's (IJ) denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). The parties are familiar with the facts, so we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review factual findings related to an applicant's eligibility for withholding of removal and CAT protection under the substantial evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992). Garcia challenges the BIA's determination that he did not establish a nexus between his claimed persecution—physical harm and extortion by the Medina family and the Mexican police—and a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding must establish a "clear probability" of persecution on account of a protected ground. *INS v. Stevic*, 467 U.S. 407, 430 (1984). Garcia asserts social group membership based on a group comprised of "opponents of corruption" and "imputed political opinion" from his mother's political activities.[1]

Substantial evidence supports the BIA's dismissal of Garcia's withholding claim on lack-of-nexus grounds. The nexus requirement for a withholding of

---

[1] Though Garcia focused his arguments before the IJ and BIA on these two social groups, portions of his opening brief suggest that he also claims persecution on account of business ownership. Even if this contention is properly exhausted, substantial evidence supports the BIA's affirmance of the IJ's determination that there was "no causal connection between the harm [Garcia] feared and his possession of any group identity or actual or imputed political opinion."

removal claim is satisfied if the petitioner proves that a protected ground is "a reason" for the feared persecution, even if it is not a *central* reason for the petitioner's fears. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).[2] But here, the BIA properly found that the harm Garcia fears can be attributed to criminal intent, based on Garcia's perceived ability to pay as a recent returnee from the United States. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (noting that the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Encountering criminal conduct does not by itself provide a basis for a determination of persecution on account of a protected ground.

Garcia's contention that he was persecuted as an opponent of corruption or based on imputed political opinion also fails because Garcia does not provide evidence that he attempted to expose corruption or that the individuals who targeted him were aware of this purported political opinion. *See, e.g.*, *Singh v. Barr*, 935 F.3d 822, 826 (9th Cir. 2019). Similarly, substantial evidence supports the BIA's determination that Garcia was not persecuted due to his mother's work

---

[2] The BIA's initial December 9, 2016 decision dismissing Garcia's claim on nexus grounds pre-dated *Barajas-Romero*. In September 2017, we granted the Government's unopposed motion to remand the case to the BIA in light of *Barajas-Romero*. On remand, the BIA again dismissed Garcia's appeal, concluding that there was no causal connection at all between the harm Garcia experienced and a protected ground—in other words, the BIA determined that a protected ground was not even "a reason" for past or future harm.

with the Partido de la Revolución Democrática (PRD) political party. Garcia contends that he will be harmed if he does not vote for the PRD in future elections, but, as the IJ observed, Garcia never testified that he was threatened or harmed in the past for failing to vote for the PRD, which makes his claim of future persecution "too speculative" to compel a different factual finding. *See Nagoulko v. INS*, 333 F.3d 1012, 1016, 1018 (9th Cir. 2003).

Substantial evidence also supports the BIA's determination that Garcia has not shown past harm rising to the level of torture or that he will be targeted for future torture in Mexico. To obtain protection under the CAT, the applicant must show that he is more likely than not to be tortured by or at the instigation of the government (or with the government's consent or acquiescence) if he is returned to his home country. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078–79 (9th Cir. 2015). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). The BIA affirmed the IJ's finding that at least one incident of alleged torture lacked sufficient corroboration, a finding which is supported by substantial evidence. Garcia did not present records of his girlfriend's alleged hospitalization or the police report they allegedly filed in the United States, and he did not offer his girlfriend's testimony, even though she was present outside the courtroom during

the hearing. The BIA therefore did not err by treating this incident as unpersuasive in demonstrating a likelihood of torture if Garcia returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009). Torture is a higher standard than persecution, *see Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007), and given the lack of corroboration, Garcia's alleged harms do not rise to the level of torture under the CAT.

Garcia cites the country conditions evidence to support his claim that he is likely to be tortured in the future. But though the reports may reinforce that corruption and torture exist in Mexico and law enforcement often does not sufficiently respond, he has not shown a "particularized threat" of torture. *See Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004) (citation omitted). The record does not compel reversal of the BIA's denial of Garcia's CAT claim.

**PETITION FOR REVIEW DENIED.**